**UNITED STATES of America**

v.

**Marie MOSES, alias Marie Kelly, Appellant.**

**No. 11455.**

United States Court of Appeals,
Third Circuit.

Argued Jan. 19, 1955.

Decided Feb. 28, 1955.

Edmund E. DePaul, Philadelphia, Pa. (Herman I. Pollock, Philadelphia Voluntary Defender Ass'n, Philadelphia, Pa., on the brief), for appellant.

Francis Ballard, Asst. U. S. Atty., Philadelphia, Pa. (W. Wilson White, U. S. Atty., Philadelphia, Pa., on the brief), for appellee.

Before McLAUGHLIN, KALODNER and HASTIE, Circuit Judges.

HASTIE, Circuit Judge.

On December 16, 1952, an offense against the United States was committed by one Cooper when he sold narcotics to two federal agents in violation of Sections 2553(a) and 2554(a) of Title 26 United States Code. In connection with this transaction, appellant Marie Moses was indicted and, on four counts, convicted as a seller of the narcotics under Section 2 of Title 18 United States Code which provides that one who "aids, abets, counsels, commands, induces or procures" the commission of an offense against the United States is a principal. The central question on this appeal is whether appellant so conducted herself with relation to the sale made by Cooper that Section 2 of Title 18 makes her responsible as a seller.

Appellant, a single woman 26 years of age, is a drug addict. Two undercover federal narcotic agents had become unsuspected members of the wretched circle of addicts and their familiars in which appellant moved. On the afternoon in question these agents came uninvited to the apartment where appellant lived with her parents. They told her they wished to purchase some drugs and inquired whether she knew where such could be obtained. She replied that she did not have any, that one Cooper who was her supplier would be over in about a half hour and that she would be able

to arrange for the agents to get some drugs from him, but that they might also be able to obtain drugs from another supplier named Mack. After waiting a while the agents asked her to call Mack because they were not sure whether Cooper would come or not. Appellant called Mack's home but was not able to reach him. As the agents were about to leave Cooper arrived. Appellant introduced the agents to Cooper and told him that they wished to purchase drugs. Cooper inquired of her whether they were all right and, when she replied in the affirmative, asked how she knew. Her answer was that she had seen them "over on the avenue" on other occasions. The agents then told Cooper the amount and type of drugs they desired and discussed the price with him. Appellant heard the conversation but took no part in it. The agents and Cooper left the house and separated. Some hours later that evening they reassembled at three different times and places. The money was paid at the second meeting and the drugs were delivered at the third meeting. Appellant was not present at any of these three meetings which occurred at places other than her home.

There is no evidence that appellant's relationship to Cooper's illicit business was other than that of a customer. On the day in question she merely introduced the prospective buyers to Cooper and vouched for them, all at the buyers' request, with the result that the principals accomplished a sale some hours later. On these facts the district court, sitting without a jury, found the defendant guilty as charged.

■ In charging a person under Section 2 of Title 18, the government must select and identify the particular "offense against the United States" in which the alleged wrongdoer has participated. Such selection makes a difference in this case because the criminal law characteristically analyzes and deals with traffic in contraband in two distinct aspects. The one aspect is the conduct of the seller; the other, the conduct of the buyer. Either or both may be pun-

ished, but the significant fact for present purposes is that the law treats selling and buying as distinct and separate offenses. See Sections 2553 and 2554 of Title 26 United States Code. Therefore, a participant in a particular transaction must be punished either as a seller or as a buyer. There is no general offense of participation in the transaction viewed as a whole.

The government has chosen to indict Marie Moses for her connection with the crime of selling rather than for any connection with buying. The conviction must stand, if at all, on her relation to the seller and his illicit enterprise. Any relation to the buyer actually militates against conviction of the charged offense of criminal complicity in selling.

The undisputed facts show the appellant acting solely at the behest of the prospective buyers and in their interest. At the buyers' request she did two things to facilitate their purchase. She introduced them to the seller and she vouched for their *bona fides*, if purchasers of contraband drugs can be so characterized. That is all that was proved. There was nothing to show that she was associated in any way with the enterprise of the seller or that she had any personal or financial interest in bringing trade to him. Although appellant's conduct was prefatory to the sale, it was not collaborative with the seller. For this reason the conviction cannot be sustained.

This conclusion is foreshadowed by our decision in United States v. Sawyer, 1954, 210 F.2d 169, where we required the trial judge in his charge to direct the jury's attention to the necessity of deciding whether an intermediary in a narcotics sale was in fact associated with the selling as distinguished from the buying. In the present case the evidence clearly falls short of establishing such association. True, Sawyer was indicted as a principal seller and appellant is charged as a seller's helper. But the need of identifying defendant with the selling aspect of the transaction is common to both cases.

■■ It is to be noted that Section 2 of Title 18 describes two types of participants in criminal enterprises familiar to the common law: principals in the second degree, or aiders and abettors; and accessories before the fact, or those who counsel, command and procure the commission of crime. In legal analysis both types of wrongdoers are generally described as "confederates" or "intentional participants in a common design with a principal actor". See Wharton, Criminal Law, 12th ed., Chapter IX, subheadings III and IV. The essential relationship in such cases has been stated by the Supreme Court in Nye & Nissen v. United States, 1949, 336 U.S. 613, 619, 69 S.Ct. 766, 769, 93 L.Ed. 919, adopting the language of Judge Learned Hand in United States v. Peoni, 2 Cir., 1938, 100 F.2d 401, 402: "In order to aid and abet another to commit a crime it is necessary that a defendant 'in some sort associate himself with the venture, that he participate in it as in something that he wishes to bring about, that he seek by his action to make it succeed.' "

Morei v. United States, 6 Cir., 1942, 127 F.2d 827, a narcotics case, is also instructive. There the court treated as decisive the lack of any community of scheme between the defendant and the principal wrongdoers. Again, it has been a general rule under the prohibition acts, national and state, that one who has acted without interest in the selling cannot be convicted as a seller even though his conduct may in fact have facilitated an illegal sale. See cases collected in Notes, 24 L.R.A.,N.S., 268 and 28 L.R.A., N.S., 334. Moreover, emphasis on those facts which show collaboration and association is characteristic of judicial analysis in those cases where convictions of aiding and abetting have been sus-

tained. Pereira v. United States, 1954, 347 U.S. 1, 74 S.Ct. 358, 98 L.Ed. 435; Smith v. United States, 8 Cir., 1931, 50 F.2d 46; Parisi v. United States, 2 Cir., 1922, 279 F. 253; Jin Fuey Moy v. United States, 1920, 254 U.S. 189, 41 S.Ct. 98, 65 L.Ed. 214.

■ We are satisfied that the absence of any showing of collaboration or association between appellant and Cooper prevents her from being convicted under Section 2 of Title 18 as a guilty participant in Cooper's sale of narcotics.

■■ While this disposes of the present appeal, we think that, for the guidance of the district courts in the future, we should comment upon the appellant's exception to the refusal of the district judge, who tried this case without a jury, to consider a defense of entrapment. This point too was involved in the Sawyer case. There we stated the basic test of entrapment, whether the criminal design was created by the conduct of public officers, or whether the officers merely created an opportunity which a person already disposed to commit the crime sought to exploit. In cases like the present one the admitted fact that public officers proposed and solicited the criminal act is not even offset by an indication that the person solicited had recently engaged in similar criminality. While other facts may prevent such a situation from amounting to entrapment as a matter of law, cases like this will almost always present a substantial question of fact on the entrapment issue which must be considered and resolved like any other question of fact.

The judgment convicting appellant on four counts will be reversed and the cause remanded with directions to enter judgment of acquittal on all counts.