**STATE of Iowa, Appellee,**

**v.**

**Fletcher LOTT, Appellant.**

**No. 59476.**

Supreme Court of Iowa.

June 29, 1977.

Duane L. Rohovit, Iowa City, for appellant.

Richard C. Turner, Atty. Gen., Mark S. Beckman, Asst. Atty. Gen., and Jack W. Dooley, County Atty., for appellee.

Heard by MOORE, C. J., and RAWLINGS, LeGRAND, REYNOLDSON and McCORMICK, JJ.

McCORMICK, Justice.

Defendant appeals his conviction and sentence for delivery of cocaine in violation of Code § 204.401(1)(a). He was tried on a theory of aiding and abetting. The principal questions on appeal are whether sufficient evidence existed to submit the case to the jury on that theory and whether two of the trial court's instructions were erroneous. We find no merit in his assignments of error and affirm the trial court.

Viewed in its light most favorable to the verdict, the evidence shows defendant was enlisted by an informant to assist an undercover agent to purchase cocaine from Andrew Dains. The informant, Clifford "Kip" Moore, Dains and defendant were acquaintances employed by the Westinghouse Learning Corporation in Iowa City. Moore believed defendant was a drug dealer. On several occasions he asked defendant if he could obtain drugs and defendant said he could.

Moore told defendant he and his partners would purchase any quantity of drugs defendant could supply. Defendant agreed to arrange a purchase of cocaine for Moore. In the afternoon of April 18, 1975, Moore, accompanied by undercover agent Roger Timko, went to defendant's home, met defendant on the porch, and introduced Timko to defendant as his partner. Timko said he wished to buy an ounce of cocaine. Defendant said he had access to the drug and could arrange a purchase. He went inside the house and returned to the porch a few minutes later, reporting that his source would be available to make the sale later in the afternoon. At Timko's suggestion the three men went to a tavern to await that event. While there defendant made a telephone call which he said was to firm up arrangements. Timko inquired who his source was and defendant said he would introduce him at the time of the transaction. Timko asked defendant the price of the drug and defendant quoted it as $1500 an ounce.

After a few minutes the men left the tavern and defendant directed them to an

apartment building. Defendant entered the building alone to check on arrangements. When he returned he said his source had only one-half ounce of cocaine on hand and was awaiting delivery of another half ounce so he could make the sale to Timko. When Timko later expressed impatience with the delay, defendant entered the building again, returning in about twenty minutes. He reported the additional cocaine had arrived. He then escorted Timko and Moore to an apartment and introduced Timko to Andrew Dains. Moore and Dains recognized each other. Timko proceeded to negotiate a purchase of one-half ounce of cocaine from Dains for $750. When Timko asked Dains about the quality of the drug defendant assured him it was good. Dains suggested Timko should give some cocaine to defendant for having arranged the purchase. Timko declined, suggesting that Dains and defendant were partners and would be sharing the proceeds. Neither man responded. Defendant remained with Dains when Timko and Moore left the apartment. Before leaving, Timko told defendant he would contact him for possible future purchases, and defendant said that would be satisfactory.

I. *Sufficiency of the evidence.* Defendant challenges the sufficiency of the evidence on two bases. The first is a contention the trial court erred in overruling his motion for directed verdict at the conclusion of the evidence because the evidence showed he aided and abetted only law enforcement officers. The second is a contention the motion should have been sustained because the evidence showed he acted only as an agent of the buyer of the cocaine.

■ In resisting these contentions the State asserts a purchaser or aider and abettor of a purchaser of a controlled substance is guilty of delivery under Code § 204.-401(1). That provision makes it unlawful for any person to deliver "or to act with" another person to deliver a controlled substance. Under Code § 688.1 the distinction between an accessory before the fact and principal is abrogated and any person "concerned in" the commission of a public offense must be indicted, tried and punished as a principal. The State argues that these provisions, when read together, make any person who participates on either side of a drug sale guilty of delivery. We do not agree.

■ An aider and abettor is culpable under § 688.1 for the crime of his principal. The principal whose crime is defined in § 204.401(1) is a person who participates in the delivery of a controlled substance. A customer is not guilty of delivery under that provision. "Delivery" means "the actual, constructive, or attempted transfer *from one person to another* of a controlled substance." § 204.101(8), The Code. By definition the recipient is not the deliverer. Nor does § 688.1 make him one. A person is not guilty as a principal under that provision unless he is an accessory before the fact. Acceptance of delivery does not occur "before the fact." Moreover, because the deliverer is not the transferee, one who aids only the transferee cannot be guilty of delivery. This principle is recognized in *United States v. Moses,* 220 F.2d 166 (3 Cir. 1955), under an analogous federal statute. We reject the State's contention that a transferee or one who aids only the transferee is guilty of delivery.

The determinative question raised by defendant's contentions is whether the record contains substantial evidence that defendant aided and abetted Dains in the delivery of cocaine.

■ One cannot be convicted of a crime upon a theory of aiding and abetting unless there is substantial evidence to show he assented to or lent countenance and approval to the criminal act either by active participation in it or by some manner encouraging it prior to or at the time of its commission. Guilt may be established by circumstantial evidence. Knowledge is essential, but neither knowledge nor presence at the scene of the crime is sufficient to prove aiding and abetting. *State v. Barnes,* 204 N.W.2d 827, 828 (Iowa 1972).

Defendant maintains the evidence shows he helped Timko and Moore but not Dains.

He says he did nothing more than introduce Timko to Dains. He relies on *United States v. Moses,* supra. In *Moses* the defendant was a drug addict. Two undercover agents approached her and inquired about the possibility of purchasing drugs. She said she did not have any but would introduce the agents to her supplier who would soon be there. When he arrived she introduced the agents to him and said they were "all right". Negotiations occurred in her presence, but she did not participate in them, and she did not take part in the remainder of the transaction which occurred elsewhere. The court held the evidence was insufficient to show she aided and abetted the seller, saying "Although appellant's conduct was prefatory to the sale, it was not collaborative with the seller." 220 F.2d at 168.

*Moses* is distinguishable from the present case. Here the defendant acknowledged his ability and willingness to supply illicit drugs. He agreed to arrange a transaction. He made the initial contact with Dains, called him later to confirm the arrangement, accompanied Timko and Moore to the apartment building, made two trips alone to Dains' apartment to check on his readiness, introduced the men to Dains, remained through the transaction and vouched to Timko for the quality of the cocaine. He expressed willingness to arrange future sales and stayed with Dains when the transaction was completed. We believe this constitutes substantial evidence from which the jury could find defendant aided and abetted Dains in the delivery. See *United States v. Atkins,* 473 F.2d 308 (8 Cir. 1973), cert. denied, 412 U.S. 931, 93 S.Ct. 2751, 37 L.Ed.2d 160 (1973).

The underlying precept of aiding and abetting is a requirement that the accessory in some way "associate himself with the venture, that he participate in it as something that he wishes to bring about, that he seek by his action to make it succeed." *United States v. Peoni,* 100 F.2d 401, 402 (2 Cir. 1938). This precept was satisfied by the evidence in the present case.

II. *The court's instructions.* The trial court gave the uniform instruction on aiding and abetting to which defendant did not except. However, defendant requested an instruction on his theory that he was acting solely in behalf of the purchaser, and he excepted to the court's failure to give it and to the alleged insufficiency of the language added by the court to the aiding and abetting instruction on the subject of agency. He contends the court erred in overruling his exceptions.

The requested instruction was as follows:

The Defendant asserts that the activity he engaged was at the behest of the buyer. If you find that the Defendant in this case was acting as agent of the buyer of the Controlled Substance (buyer was the police and their informant); then the Defendant is innocent of the crime.

If the role of the Defendant on the day in question was to make introductions and assist the buyer's character, all at buyer's request; the Defendant was acting as an agent of buyer.

Therefore, if you find the Defendant was acting solely at the behest of the buyer, then Defendant's actions are those of an agent or the buyer's agent, and you must acquit the Defendant of the charge.

The language added to the aiding and abetting instruction was as follows:

As applied to the present case, the State, in order to convict the Defendant, must establish by evidence beyond a reasonable doubt, among other elements set forth in the following instruction, that the Defendant aided and abetted one Andrew Dains in the delivery of cocaine to Roger Timko. This requires the State to establish by evidence beyond a reasonable doubt that the Defendant was acting in whole or in part at the behest of Dains and not solely at the behest of Timko or Kip Moore.

We believe the court's instruction adequately incorporated the applicable principle contained in defendant's proposed instruction. No error results from a mere failure to submit an issue in the form re-

quested. *State v. Robinette,* 216 N.W.2d 317, 318 (Iowa 1974).

Defendant also excepted to an instruction given by the court in the accommodation hearing. In this instruction the court sought to define the state of mind which the State had to prove in order to establish defendant's guilt as a non-accommodator. The court said the jury would have to find the sale was made with an intent to profit. We need not decide whether this was a greater burden than the State should have borne on the accommodation issue under the law as it existed at the time of this offense. See *State v. McNabb,* 241 N.W.2d 32 (Iowa 1976); cf. § 204.410, The Code, as amended by Acts 66 G.A. Ch. 1245 ch. 4 § 231. The court further instructed:

> The intent which must be established is the intent of the defendant, but the person who is to profit need not be the defendant. It can be either the defendant or the party whom the defendant was aiding and abetting in the delivery.

Defendant contends this instruction incorrectly permitted the jury to impute Dains' guilt to him. He argues the State had the burden of proving he personally intended to profit in the transaction.

█ It is true that a person tried on a theory of aiding and abetting can be convicted only by reason of his part in the crime and not based on another's guilt. *State v. Fetters,* 202 N.W.2d 84, 90 (Iowa 1972). However, when intent is an element of the crime charged, a person may be convicted on a theory of aiding and abetting if he participates either with the requisite intent himself or with knowledge that the principal possesses the required intent. *State v. Kneedy,* 232 Iowa 21, 28, 3 N.W.2d 611, 615 (1942). Therefore the State was not limited to the necessity of proving defendant personally intended to profit in the transaction. Defendant's contrary contention is untenable.

█ We do not wish to be understood as approving the court's instruction. Assuming the State had the burden under the applicable law at the time of this offense to prove the delivery was made with an intent

to profit, ⌐⌐e court should have instructed the jury, the State had to prove either an intent by defendant to profit or an intent by Dains to profit of which defendant was aware. However, defendant did not challenge the instruction on this ground and the instruction is not vulnerable on the ground he did assert. The trial court did not err in overruling his exception to the instruction on the ground urged.

No reversible error appears.

AFFIRMED.