**STATE of Iowa, Appellee,**

v.

**David Lynn ZARUBA, Appellant.**

**No. 64895.**

Supreme Court of Iowa.

June 17, 1981.

As Amended July 15, 1981.

Randy J. Hohenadel, Davenport, for appellant.

Thomas J. Miller, Atty. Gen., Merle Wilna Fleming, Asst. Atty. Gen., and William Davis, Scott County Atty., for appellee.

Considered by UHLENHOPP, P. J., and HARRIS, McGIVERIN, LARSON, and SCHULTZ, JJ.

HARRIS, Justice.

Defendant was charged and tried on two counts of delivery of a controlled substance. § 204.401(1), The Code 1979. He was acquitted on one count. On the other count he was convicted of the lesser included offense of an accommodation delivery. § 204.410. In this appeal, following sentence, he assigns four errors. One complains of the trial court's refusal of a requested jury instruction. The other three assignments address the imposition of sentence. We affirm in part, reverse in part, and remand with instructions.

The prosecution's key witness, James Sweeney, was an undercover narcotics agent who testified of three separate drug purchases from defendant. Sweeney was introduced to defendant by a paid informant who did not testify. The informant was with the officer when the first two of the three drug buys occurred. The first was in Moline, Illinois, on March 30, 1979. Sweeney testified defendant there sold him one gram of cocaine for $90. The second purchase was in Bettendorf, Iowa, on April 2, 1979, where Sweeney paid defendant $525 for one quarter ounce of cocaine. Sweeney's final purchase was made May 4, 1979, in Davenport, Iowa. This time he was alone with defendant and bought one ounce of cocaine for $1500 and two stereo speakers.

The first count was based on the April 2 transaction in Bettendorf and resulted in the verdict of guilty. The second count was based on the May 4, 1979, purchase in Davenport and resulted in a verdict of not guilty.

In passing sentence, the trial court said: Well, this is a troublesome one. I can see the presentence investigator struggled with it. I got a real serious offense with a fellow that's not had a lot of criminal history and has got some family responsibilities, and he's capable of making a lot of money at a good job, and he got in a lot of trouble. This court had the benefit, this Judge had the benefit of hearing the jury trial, and the court's pretty well convinced that this defendant was, at one time, a pretty substantial drug dealer. The evidence was uncontradicted that he was a big dealer in amphetamines, and that wasn't charged, but he got nailed on the cocaine. This court believes that drug dealers should do time, particularly when you're talking about narcotic drugs, and it's the court's intention to impose time.

This court, you should know, struggles over these, because I know the Scott County jail is not a very nice place. It's a terrible place, and I'm not sure he's the kind of fellow that ought to go to the Scott County jail; but the court doesn't have very many alternatives. It has no prison option. That would be a better option, frankly, and the court would have no reluctance to send him to prison—Anamosa; but that's not an option. The only other option is the residential treatment facility, and I think the seriousness of the offense is that, is such that it's not, at this time, appropriate. The defendant's request for a deferred judgment is hereby denied.

A deferred judgment is intended for a person that has scrape with the law, made a big mistake, and gets the finest thing that the courts pass out—that a deferred judgment—and doesn't even have a record. We are not dealing with that sort of a fellow here. We are dealing with a fellow that got involved in a pretty sophisticated drug deal, and not just once. He was convicted of only one and convicted of only being an accommodation. I think the seriousness of the offense is such that he is not an appropriate candidate for a deferred judgment. That is rejected.

The trial court then sentenced defendant to a one-year jail term, suspending the last six months. A two-year probation was provided beginning with the suspension.

The sentence also provided: "The terms of probation also include full restitution for all the money spent—given to him, and the property given to him for controlled substances. In addition, the defendant should be fined the sum of $1000." The judge

strongly hinted he would consider placing defendant in a residential treatment facility on reconsideration (§ 903.2, The Code 1981) of sentence after 30 days of actual incarceration.

■ I. It was the defendant's contention at trial "that all his actions which resulted in the alleged delivery . . . were at the behest and insistence of the informant and [Sweeney]." Accordingly, defendant sought an instruction that he was acting only as an aider and abettor and hence could not be guilty of delivery under the theory recognized in *United States v. Moses*, 220 F.2d 166, 169 (3 Cir. 1955), and in *State v. Lott*, 255 N.W.2d 105, 107 (Iowa 1977) ("one who aids only the transferee [customer] cannot be guilty of delivery"). The trial court's refusal of the requested instruction was based on the belief that the holdings in *Moses* and *Lott* are not applicable in cases where, as here, the defendant makes the actual delivery of the controlled substance. We agree. The assignment is without merit.

II. The first of defendant's three assignments attacking the sentence is twofold. He asserts the trial court abused its discretion in denying his application for deferred sentence and refusing probation. Defendant argues:

An examination of the record demonstrates that the defendant was married, had a one year old child, had a good employment history and at the time of the sentencing had a good paying job, and had only a very minimal criminal history. . . . The presentence investigator recommended that the defendant be given probation . . . and the [prosecutor] . . . joined in the recommendation. Defense counsel likewise, endorsed the notion. . . .

■ Defendant recognizes that we interfere with a sentence only if the trial court abused its discretion. This appears only when it is demonstrated that the discretion was exercised only on grounds or for reasons clearly untenable or to an extent clearly unreasonable. *State v. Hildebrand*, 280 N.W.2d 393, 396 (Iowa 1979); *State v. Kill-*

*pack*, 276 N.W.2d 368, 373 (Iowa 1979); *State v. Buck*, 275 N.W.2d 194, 195 (Iowa 1979).

■ We find no abuse. The trial court stated it found the sentencing decision "a troublesome one." It expressed the belief that the presentence investigator had also struggled with the case. The seriousness of the offense was mentioned as was the fact that defendant did not have an extensive criminal history. Also mentioned were defendant's family responsibilities and earning capacity.

As an alternative argument for the same assignment, defendant urges that the trial court improperly limited its sentencing consideration to one factor. He charges the trial court with imposing a "private personal rule" that all drug dealers should actually serve a period of incarceration. He relies on *State v. Hildebrand*, 280 N.W.2d at 396. We cannot assume the trial court applied only one factor. Neither can we find anything improper in a belief that drug dealers should face mandatory incarceration. This is in fact required by section 204.413.

On these facts it would be no abuse of discretion for the trial court to select the sentence here imposed.

■ III. In a separate assignment the defendant raises a more specific challenge to the sentencing considerations. He believes there was no factual basis for treating him as a "drug dealer." In so characterizing the defendant at sentencing the trial judge said: "The evidence was uncontradicted that he was a big dealer in amphetamines, and that wasn't charged, but he got nailed on the cocaine."

The only record we find which might support the trial court's belief occurred during the testimony of Officer Sweeney. When questioned concerning his informant, Mr. Turner, the following occurred:

Q. What did—did Mr. Turner indicate to you that he might be able to arrange for you to meet Mr. Zaruba and purchase drugs? A. Initially, he said that the subject by the name of Doc was dealing in

amphetamines, and that his amphetamines were good; that he usually had quite a few of them.

Since the evidence was received without objection it is "usable as proof to the extent of the rational persuasive power it may have. The fact that it [may have been] inadmissible does not prevent its use as proof so far as it has probative value." *Tamm, Inc. v. Pildis*, 249 N.W.2d 823, 833 (Iowa 1976); *see* McCormick's Handbook on the Law of Evidence, § 54 (1972). Under this test we agree with the defendant that the trial court should not have considered him to be a dealer in amphetamines. The testimony of Officer Sweeney, quoting his informant, was of the slightest probative value. It did not support the assumption indulged by the trial court. This conclusion is strongly supported here because the defendant was in fact acquitted by the jury of the greater charge. The trial court's assumption of his guilt is not only unsupported but was actually contradicted by the jury verdict.

■ IV. Finally defendant urges, and we agree, that the trial court lacked the power to require as a condition of his probation that defendant make "restitution" to the State of monies used to purchase the illicit drugs. The question, it should be emphasized, is not whether the State can recover the monies but rather whether repayment of the purchase prices is a proper probation requirement.

Code section 907.12(2) makes it State policy that law violators make restitution to their victims to the extent they are reasonably able. We held in *State v. Rogers*, 251 N.W.2d 239, 246 (Iowa 1977), that a defendant can be ordered as a term of probation to reimburse the county for court appointed counsel fees expended in his behalf. But our *Rogers* holding does not reach the probation condition challenged here.

Defendant is on solid ground in arguing that the statutory restitution provisions do not support the challenged probation requirement. Other provisions, however, afford support for a part of the requirement. Section 907.6 provides:

The court, in ordering probation, may impose any reasonable rules and conditions which will promote rehabilitation of the defendant and protection of the community, including adherence to regulations generally applicable to persons released on parole.

*See also* § 907.3(2).

We believe this provision supports the trial court's requirement so far as it related to the purchase which formed the basis of the count on which defendant was convicted. On the other hand we think it would not be a reasonable term or condition of probation to order repayment of the purchase prices alleged for the buys for which defendant was acquitted.

By reason of the error mentioned in divisions III and IV of this opinion, the judgment of the trial court is reversed in part and the case is remanded with directions that the trial court resentence defendant.

AFFIRMED IN PART, REVERSED IN PART, AND REMANDED WITH INSTRUCTIONS.