STATE of Iowa, Plaintiff-Appellee,

v.

Ekke A. HEIDEBRINK,
Defendant-Appellant.

No. 67908.

Court of Appeals of Iowa.

April 8, 1983.

Douglas F. Staskal, Asst. Appellate Defender, for defendant-appellant.

Thomas J. Miller, Atty. Gen., and Steven M. Foritano, Asst. Atty. Gen., for plaintiff-appellee.

DONIELSON, Judge.

Defendant appeals from his conviction for obtaining prescription drugs by fraud, deceit, misrepresentation, or subterfuge in violation of Iowa Code § 155.29 (1981). On appeal defendant asserts: (1) that the evidence was insufficient to corroborate the testimony of an accomplice and that error on this issue was preserved; (2) that evidence of similar crimes committed in Minnesota should have been excluded; (3) that the evidence was insufficient to establish defendant's guilt on an aiding and abetting theory and that error on this issue was preserved; and (4) that various omissions of trial counsel denied him his constitutional right to effective assistance of counsel. We affirm.

Our scope of review is on assigned errors. Iowa R.App.P. 4. However, when the appellate court reviews a claim of ineffective assistance of counsel on direct appeal, it makes an independent evaluation of the totality of the circumstances to determine if the defendant has met his burden to show that counsel failed to perform an essential duty, and that the defendant was prejudiced as a result. *State v. Aldape,* 307 N.W.2d 32, 42 (Iowa 1981); *Snethen v. State,* 308 N.W.2d 11, 14 (Iowa 1981).

I.

Defendant met Harold Kjelander, who later became defendant's accomplice, in a Minnesota detoxification center. The accomplice testified at trial that he and a woman posing as his daughter would visit doctors and obtain prescriptions for narcotic drugs while defendant waited for them in a car. The drugs would then be sold and the profits split between the three. The plan was implemented three or four times in Minnesota and twice in Iowa.

On the last such occasion the accomplice and the "daughter" were discovered and apprehended in a hospital. At the same time an investigating officer arrested defendant as he sat in a car in the parking lot reading a book. Defendant stated that he was waiting for someone. He had in his possession a piece of paper including the phone number of the doctor from whom the accomplice and the "daughter" attempted to obtain the drugs. The court found defendant guilty of aiding and abetting the accomplice and the woman posing as the accomplice's daughter in the crime of obtaining prescription drugs by fraud, deceit and misrepresentation in violation of Iowa Code § 155.29 (1981). Defendant then instituted this appeal.

## II.

Defendant contends that there was insufficient evidence to corroborate the testimony of the accomplice. He also asserts that there was insufficient evidence from which a rational factfinder could find beyond a reasonable doubt that defendant aided and abetted in the commission of the crime charged. We agree with the State that defendant has failed to preserve error on these issues by not challenging the sufficiency of the evidence at trial. The case of *State v. Dickerson,* 313 N.W.2d 526, 529 (Iowa 1981) in controlling. There the defendants contended on appeal that they were convicted on uncorroborated testimony of accomplices. The court refused to address the merits of this issue since it was not raised in the trial court. The court held that the defendants could not "challenge the sufficiency of the evidence for the first time on appeal.... This situation is not affected by the trial court's right under [Iowa Rule of Criminal Procedure] 18(10) to order acquittal on its own motion." *Id.* (citations omitted). Defendant's argument that the court had an affirmative duty to order acquittal on its own motion is without merit here since an affirmative duty of the trial court does not relieve a party from the responsibility of preserving error on the issue. *Id.* (citing "*State v. Rouse,* 290 N.W.2d 911, 914 (Iowa 1980) (duty of court to instruct on lesser included offenses does not relieve counsel of responsibility to preserve error)").

In the instant case defendant's trial counsel did not move for judgment of acquittal, either on the basis of the insufficiency of the evidence in general or the lack of evidence to corroborate the accomplice's testimony. Defendant is bound by the tactical or strategic decisions of his trial counsel. *Sims v. State,* 295 N.W.2d 420, 425 (Iowa 1980). Accordingly, we find defendant did not preserve error on his insufficiency of evidence claims and, thus, we do not address the merits.

## III.

Defendant also contends that the court erred in admitting evidence of other crimes committed by him in Minnesota. Prior to trial defendant sought by motion in limine to exclude evidence that defendant had illegally obtained drugs in Minnesota. Defendant was allowed a standing objection to this evidence.

The rule governing the circumstances under which evidence of other crimes may be admitted against a defendant was recently set forth in *State v. Walsh,* 318 N.W.2d 184, 185 (Iowa 1982), as follows:

> Ordinarily proof of a prior crime is inadmissible to show defendant's guilt at a later trial for another offense. *State v. Cott,* 283 N.W.2d 324, 326 (Iowa 1979). As pointed out in *Cott,* there are well defined exceptions to this rule, permitting evidence of a prior crime to establish motive, intent, absence of mistake, a common scheme of criminal activity, and identity. *Id.*

> The question as to when evidence of a previous crime is admissible is one of relevance. The purpose of the rule, as stated in several of our cases, is to exclude from the jury's consideration evidence which has no purpose except to show that defendant is a bad person and is more likely to have committed the crime for that reason. *Id.* at 326; *State v. Folkens,* 281 N.W.2d 1, 5 (Iowa 1979). If, however, such evidence tends to establish any issue embraced within the exceptions already noted, the relevancy test is satisfied.

> ... In considering [whether the proffered evidence is admissible as an exception], we use a two-prong test. First, the evidence must be relevant to one or more of the issues for which exceptions are recognized, and second, its probative value must outweigh the prejudicial effect engendered by showing the defendant has committed other crimes. *Cott,* 283 N.W.2d at 328–29; *State v. McDaniel,* 265 N.W.2d 917, 921 (Iowa 1978).

Evidence of other crimes has been admitted to show knowledge and intent, and common scheme where intent or knowledge was a material element of the crime charged.

*State v. Gibb,* 303 N.W.2d 673, 682 (Iowa 1981) (cocaine found on defendant admitted to prove defendant's knowledge that he was dealing in a controlled substance in trial for delivery of controlled substance); *State v. Thomas,* 275 N.W.2d 211, 215 (Iowa 1979) (passing of similar forged check admitted as relevant to the question of intent, common scheme and the knowledge of the forged nature of the check in trial for false use of a financial instrument).

 The admissibility of the evidence in the instant case depends upon whether it tends to establish that defendant aided and abetted in the commission of the crime. To establish aiding and abetting, it must be shown that the defendant "assented to or lent countenance and approval to the criminal act either by active participation in it or by some manner encouraging it prior to or at the time of its commission." *State v. Lott,* 255 N.W.2d 105, 107 (Iowa 1977). Circumstantial evidence is sufficient to establish guilt. *Id.* Knowledge is essential, but will not, alone, suffice to prove aiding and abetting. *Id. See also State v. Fetters,* 202 N.W.2d 84, 91 (Iowa 1972). We believe the evidence that defendant and his accomplices illegally obtained drugs in Minnesota in the same manner as the drugs were obtained in the instant case is relevant to show a common scheme and that defendant knowingly and intentionally aided and abetted his accomplice in obtaining the drugs. We also believe that the second prong of the *Walsh* test is satisfied in that the court did not abuse its discretion in finding that the probative value of such evidence outweighed any prejudice to defendant. *See State v. Cott,* 283 N.W.2d at 329 (defining abuse of discretion as an unreasonable action in light of the attendant circumstances). Having found no reversible error, we affirm the trial court's ruling on this issue.

### IV.

Defendant's final contention is that his trial attorney rendered ineffective assistance of counsel in several respects. He complains that his trial attorney failed to move for judgment of acquittal, either on the basis of the insufficiency of the evidence in general or the lack of evidence to corroborate the accomplice's testimony. Trial counsel also failed to file a motion to suppress evidence seized from defendant's person at the time of his arrest. Defendant asserts that, due to these actions, he was denied his sixth and fourteenth amendment right to effective assistance of counsel. *See McMann v. Richardson,* 397 U.S. 759, 771, 90 S.Ct. 1441, 1449, 25 L.Ed.2d 763, 773 (1970); *Ogden v. State,* 215 N.W.2d 335, 337 (Iowa 1974). The test for judging counsel's effectiveness is whether counsel's performance falls "within the range of normal competency" of attorneys. *State v. Massey,* 207 N.W.2d 777, 780 (Iowa 1973). The State argues that trial counsel's actions were part of his overall trial strategy and were within the normal range of competency of attorneys. We find that, on the record before us, defendant has not met his burden to show ineffective assistance of counsel. *See State v. Steltzer,* 288 N.W.2d 557, 560 (Iowa 1980); *State v. Don,* 318 N.W.2d 801, 807 (Iowa 1982).

Having found all of defendant's contentions to be without merit, we affirm the conviction.

AFFIRMED.