STATE of Iowa, Appellee,

v.

Michael Richard BROWN, Appellant.

No. 90–02.

Court of Appeals of Iowa.

Dec. 27, 1990.

Linda Del Gallo, Acting State Appellate Defender, and Ahmet S. Gonlubol, Asst. State Appellate Defender, for appellant.

Thomas J. Miller, Atty. Gen., Thomas S. Tauber, Asst. Atty. Gen., James Smith, County Atty., and Jamie Bowers, Asst. County Atty., for appellee.

Heard by DONIELSON, P.J., and HAYDEN and HABHAB, JJ.

HABHAB, Judge.

The defendant appeals from his conviction, following a jury trial, for delivery of cocaine. He challenges the sufficiency of the evidence to support the conviction. We affirm.

Two undercover officers, on duty in a crime area, were approached by defendant, Michael Brown. The officers later testified that Brown offered to sell them drugs, introduced them to his drug supplier, and was in the process of setting up a drug deal when the officers identified themselves and made arrests. Brown denied any intent to set up a drug deal. He claimed that he offered to find the officers a prostitute and that the man to whom he introduced the officers was a pimp. He claimed that he displayed to the officers a small amount of cocaine only because he was about to use it himself, not as a sample of his wares. He claimed that when the officers met the pimp and a companion, the officers brought up for the first time the subject of a drug purchase.

The defendant was charged with aiding and abetting the commission of delivery of a controlled substance in violation of Iowa

Code section 204.401(1)(c) (1989). A jury found the defendant guilty as charged. He appeals from the resulting conviction.

■ The defendant challenges the sufficiency of the evidence to support his conviction based on the theory of aiding and abetting. We have frequently discussed the principles which govern challenges to the sufficiency of the evidence. We review the evidence in the light most favorable to the verdict. *State v. LaPointe*, 418 N.W.2d 49, 51 (Iowa 1988). As the reviewing court, we consider all the evidence, and not just the evidence which supports the verdict. *State v. Blair*, 347 N.W.2d 416, 419 (Iowa 1984).

At the conclusion of the State's evidence and again at the conclusion of all the evidence, the defendant moved for a judgment of acquittal on the ground of insufficient evidence. The trial court overruled the defendant's motions. He claims this to be error.

■ The refusal to sustain a judgment of acquittal will withstand challenge if there is substantial evidence in the record tending to support the charge. *State v. Schrier*, 300 N.W.2d 305, 306 (Iowa 1981). Similarly, a jury verdict will be upheld if the verdict is supported by substantial evidence. *State v. Blair*, 347 N.W.2d at 419. Evidence satisfies the criteria of substantiality if it would convince a rational fact finder that the defendant is guilty beyond a reasonable doubt. *State v. LaPointe*, 418 N.W.2d at 51.

■ To support a conviction on a theory of aiding and abetting, our supreme court, in *State v. Miles*, stated:

> The record must contain substantial evidence to show that the accused assented to or lent countenance and approval to the criminal act either by active participation in it or in some manner encouraging it prior to or at the time of its commission. Although the accused's mere presence is not enough, the requisite participation can be inferred "from circumstantial evidence including presence, companionship or conduct before and after the offense is committed."

*State v. Miles*, 346 N.W.2d 517, 520 (Iowa 1984).

From the record, we believe the jury could find the following: Two plainclothes police officers were patrolling the area in question in an unmarked car. They saw the defendant standing in the yard of a home. The defendant was waving at them in an attempt to flag them down, making hand signals meaning "two, five, two, five." The officers pulled their car over to the curb, and Brown approached them and asked, "Are you looking?" The officers were acquainted with this terminology and took it to generally mean, "Are you looking for drugs?" The officers replied, "Yes," and the defendant asked whether they wanted a "two-oh" or a "five-oh" (a "twenty" or a "fifty"). The officers were familiar with the way crack cocaine is sold and understood that the defendant was asking whether they wanted a twenty-dollar "rock" or a fifty-dollar "rock" of crack cocaine. The officers replied they wanted the fifty-dollar rock. Brown then got in the back seat of their car, showed the officers what appeared to be little chips of crack, and offered to take them to his supplier to get the fifty-dollar rock.

They drove for a short distance, and the defendant pointed out another car and said, "There's my man," or words to that effect. The defendant told the officers that if they pulled up behind the other car and honked, it would pull over. The officers did so, and the other car stopped. The officers drove their car to the left of the other car. The defendant told the officers, "Tell him I'm the one that's serving you." The officers showed their money to the driver of the car, saying they wanted a "fifty," and the driver handed the officers what proved to be a rock of crack cocaine. The officers identified themselves and arrested the driver of the other car and the defendant.

From the record, we believe the evidence was sufficient to convince a rational fact finder beyond a reasonable doubt that Brown was a drug runner whose actions constituted aiding and abetting the delivery of crack cocaine. The defendant argues that he introduced evidence which contra-

dicted that of the officers. This may be so, but resolution of this conflict in evidence was for the jury.

> The jury is at liberty to believe or disbelieve the testimony of witnesses as it chooses ... and give such weight to the evidence as in its judgment the evidence was entitled to receive.... The very function of a jury is to sort out the evidence presented and place credibility where it belongs.

*State v. Blair,* 347 N.W.2d at 420 (citations omitted).

■ The defendant cites authority for the proposition that "[one] who aids and abets only the transferee [buyer] cannot be guilty of delivery." *United States v. Moses,* 220 F.2d 166, 169 (3d Cir.1955); *see also State v. Lott,* 255 N.W.2d 105, 106 (Iowa 1977). In this respect, in order to aid and abet another to commit a crime, it is necessary that a defendant "in some sort associate himself with the venture, that he participate in it as something he wishes to bring about, that he seek by his action to make it succeed." *Nye & Nissen v. United States,* 336 U.S. 613, 619, 69 S.Ct. 766, 769, 93 L.Ed. 919, 925 (1949).

Our supreme court in *Lott* found the following facts determinative in *Moses:* The defendant was a drug addict. Two undercover agents approached the defendant and inquired about the possibility of purchasing drugs. She said she did not have any, but would introduce the agents to her supplier, who would soon be there. When he arrived, she introduced the agents to him and said that they were "all right." Negotiations occurred in her presence, but she did not participate in them, and she did not take part in the remainder of the transaction which occurred elsewhere. The Court in *Moses* held the evidence was insufficient to show she aided and abetted the seller, saying, "Although appellant's conduct was prefatory to the sale, it was not collaborative with the seller." *United States v. Moses,* 220 F.2d at 168.

Our supreme court, in *State v. Lott,* recognized that a customer is not guilty of

delivery under section 204.401(1). "Delivery" means "the actual, constructive, or attempted transfer from one person to another of a controlled substance." Iowa Code § 204.101(8). By definition, the recipient is not the deliverer. *State v. Lott,* 255 N.W.2d at 107. The court distinguished the factual setting in *Lott* from that in *Moses,* and affirmed the aiding and abetting conviction of delivery of cocaine.

But *Moses* is distinguishable from the present case. There is testimony here the defendant initiated the transaction and acknowledged his ability and willingness to supply the drugs. There is further testimony that he pointed out the supplier and informed the undercover police officers how they could get his supplier to stop the car. Further, from the testimony, the jury could find that the defendant, after the officers stopped their car, asked them the amount in dollars of the crack cocaine they wanted to purchase. In addition, there is evidence that he told the officers to tell his supplier that he was the one who was serving them.

We believe the testimony here, like in *Lott,* constitutes substantial evidence from which the jury could find the defendant aided and abetted in the delivery of the cocaine. We conclude that the requirements of the underlying precept of aiding and abetting "that the accessory in some way 'associate himself with the venture, that he participate in it as something he wishes to bring about, and that he seek by his action to make it succeed' " is satisfied by the evidence in the present case. *United States v. Peoni,* 100 F.2d 401, 402 (2d Cir.1938) (cited with approval in *Lott* ). We affirm.

AFFIRMED.