# IN THE COURT OF APPEALS OF IOWA

No. 14-1323
Filed August 5, 2015

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**CHAD LEO SIMMER,**
        Defendant-Appellant.
_____


Appeal from the Iowa District Court for Cerro Gordo County, Annette L. Boehlje, District Associate Judge.


A defendant appeals his conviction and sentence following a guilty plea. **AFFIRMED.**


Mark C. Smith, State Appellate Defender, and Robert P. Ranschau, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, Heather R. Quick, Assistant Attorney General, Carlyle Dalen, County Attorney, and Rachel Gibney, Assistant County Attorney, for appellee.


Considered by Danilson, C.J., and Vaitheswaran and Doyle, JJ.

**VAITHESWARAN, J.**

Chad Simmer pled guilty to "domestic assault by knowingly impeding the normal breathing or circulation of the blood of another by applying pressure to the throat or neck of the other person." *See* Iowa Code § 708.2A(1), (5) (2013). The district court denied his request for a suspended sentence and sentenced him to a prison term not exceeding five years. On appeal, Simmer contends (1) his plea attorney was ineffective in failing to object to his plea on the ground that it lacked a factual basis and (2) the district court abused its discretion in denying him a suspended sentence.

### I.    *Factual Basis-Ineffective Assistance of Counsel*

A defendant raising an ineffective-assistance-of-counsel claim must establish (1) the breach of an essential duty and (2) prejudice. *Strickland v. Washington,* 466 U.S. 668, 687 (1984). A defense attorney who allows a defendant to plead guilty to a crime lacking in a factual basis breaches an essential duty and prejudice is presumed. *State v. Ortiz*, 789 N.W.2d 761, 764-65 (Iowa 2010). While we ordinarily preserve ineffective-assistance-of-counsel claims for post-conviction relief proceedings, we find the record adequate to resolve the issue on direct appeal. *See State v. Hallock*, 765 N.W.2d 598, 602 (Iowa Ct. App. 2009).

Simmer contends the record lacks a factual basis to establish he "knowingly" impeded the normal breathing or circulation of the blood of his wife. To determine whether a factual basis exists, we review "the entire record before the district court." *State v. Finney*, 834 N.W.2d 46, 62 (Iowa 2013).

The Iowa model criminal jury instructions define "knowledge" as follows: "For the defendant to know something means [he][she] had a conscious awareness" of the element requiring knowledge. Iowa Crim. Jury Instructions 200.3. "'Knowingly' merely means 'a knowledge of the existence of the facts constituting the crime, or a knowledge of the essential facts and [does] not . . . require the knowledge of the unlawfulness of the act or omission.'" *State v. Buchanan*, 549 N.W.2d 291, 294 (Iowa 1996) (quoting *State v. Winders*, 366 N.W.2d 193, 195 (Iowa Ct. App. 1985)).

The record is replete with evidence supporting the knowledge requirement of the crime. Cerro Gordo County Deputy Sheriffs responded to a domestic abuse episode between Chad Simmer and his wife. When the deputies arrived, Simmer told one of them he pushed his wife away several times and she fell to the ground. Simmer demonstrated his actions and, according to a deputy's report, Simmer's "hand was in a clasping manner like you may grab someone by the throat."

Simmer's wife confirmed that Simmer threw her to the ground several times. She told the deputies Simmer twice grabbed her by the throat. When asked if she was unable to breathe when Simmer grabbed her, she responded yes. And when asked if it felt as though her blood flow was restricted, she again responded affirmatively.

The deputies stated the throat and upper chest of Simmer's wife were "extremely red." Three days after the episode, she sought emergency treatment for trouble swallowing, throat tightness, and back pain.

Simmer executed a written plea agreement, in which he attested, "I impeded the normal breathing or circulation of blood of [] my wife at the time." In the same document, he agreed the court could "rely on the Minutes of Testimony as a further factual basis to support this plea." *See Ortiz*, 789 N.W.2d at 768 (noting the minutes can provide some or all of the factual basis for a guilty plea).

According to those minutes, Simmer's wife was slated to testify that Simmer "grabbed her around the neck with his hands," and "applied pressure to her neck and she could not breathe." She "thought she was going to pass out."

At the plea hearing, Simmer did not dispute the minutes. To the contrary, he confirmed he assaulted his wife and "impeded her breathing or circulation of the blood and that she sustained an injury as a result." We conclude a factual basis to the "knowingly" component of the crime was established and counsel did not breach an essential duty in failing to raise this issue.

## II. *Sentencing*

Simmer asserts mitigating circumstances warranted a suspended sentence. In his view, the district court abused its discretion in denying his request. *See State v. Valin*, 724 N.W.2d 440, 444 (Iowa 2006) (noting our review is for an abuse of discretion where "the sentence imposed is within the statutory limits or the defendant's challenge to his or her sentence does not suggest it is outside the statutory limits").

The State preliminarily responds that Simmer is ineligible for a suspended sentence. We disagree. While suspended sentences are disallowed for forcible felonies, domestic assault under Iowa Code section 708.2A(5) is not a forcible felony. *See* Iowa Code §§ 907.3 (allowing exercise of any options contained in

the section but stating "this section does not apply to a forcible felony"), 702.11(2)(g) (stating domestic abuse assault in violation of Iowa Code section 708.2A(5) is not a forcible felony).

We turn to the district court's statement of reasons. The court stated it was "struck by the fact that there's really no remorse" and by Simmer's failure to accept responsibility for his actions. The court noted his "really lengthy criminal history that nearly all has to do with alcohol," the possible effects of his drinking and violent behavior on his daughter, who saw the crime in progress, Simmer's decades-long failure to address his history of alcohol-related crimes and assaultive behavior, and the court's prior unsuccessful efforts to spur rehabilitation with less-restrictive sentences. The court's detailed statement of reasons tied to Simmer's conduct and history reveals no abuse of discretion. *See State v. Zaruba*, 306 N.W.2d 772, 774 (Iowa 1981).

**AFFIRMED.**