# IN THE COURT OF APPEALS OF IOWA

No. 17-1352
Filed May 16, 2018

**STATE OF IOWA,**
　　　Plaintiff-Appellee,

**vs.**

**MARK ANTHONY HOWARD,**
　　　Defendant-Appellant.
_____

Appeal from the Iowa District Court for Scott County, Mary E. Howes, Judge.

Mark Howard appeals from the sentence imposed following his guilty plea to possession with intent to deliver crack cocaine. **AFFIRMED.**

Les M. Blair III (until withdrawal) and Stuart Hoover of Blair & Fitzsimmons, P.C., Dubuque, for appellant.

Thomas J. Miller, Attorney General, and Bridget A. Chambers, Assistant Attorney General, for appellee.

Considered by Danilson, C.J., and Vaitheswaran and Bower, JJ.

**DANILSON, Chief Judge.**

Mark Howard appeals his sentence for possession with intent to deliver crack cocaine, in violation of Iowa Code section 124.401(1)(c)(3) (2017).

Police searched Howard's residence pursuant to a search warrant and found crack cocaine, marijuana, digital scales, and a large amount of cash. Howard was charged in three counts—possession with intent to deliver crack cocaine; failure to affix a drug tax stamp as a habitual offender; and conspiracy to create, deliver, or possess with intent to deliver crack cocaine as a habitual offender. Howard entered into an agreement whereby he would plead guilty to possession with intent to deliver crack cocaine without the habitual offender status and the State would dismiss the other two counts in this case and a pending domestic-assault charge. Following a sentencing hearing, the district court imposed an indeterminate term not to exceed ten years and a $10,000 fine. Howard appeals.

This court reviews a sentence within statutory limits for an abuse of discretion. *See State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2002) ("[T]he decision of the district court to impose a particular sentence within the statutory limits is cloaked with a strong presumption in its favor, and will only be overturned for an abuse of discretion or the consideration of inappropriate matters."). The court's discretion in sentencing is broad. *State v. Zaruba*, 306 N.W.2d 772, 774 (Iowa 1981) (noting an abuse of discretion is demonstrated when the discretion "was exercised only on grounds or for reasons clearly untenable or to an extent clearly unreasonable").

Howard contends probation "with substance abuse treatment would have best balanced the goals of rehabilitating" him, "protecting the community," and allowing him to "maintain his employment, and support his [six] children."

The district court recognized Howard's remorse and believed it to be genuine. The district court then acknowledged it had reviewed Howard's presentence investigation report (PSI), which indicated Howard had completed a risk assessment. The court also noted Howard has an extensive criminal background dating back many years and expressed concern over the fact that Howard has been unsuccessfully discharged from probation on several occasions and had a history of failing to appear for hearings. The court also noted Howard's "rough childhood" and acknowledged that Howard was currently employed. The court then stated,

> I do believe based on the things I've mentioned—your previous criminal history and the fact that you haven't been able to successfully complete any terms of probation in the past—that incarceration is the best option both to—I agree with the PSI and the State—both to provide maximum rehabilitation for you and protection of the community.

The court considered and discussed relevant factors and imposed a sentence within the statutory limits. We find no abuse of discretion and therefore affirm.

**AFFIRMED.**