**UNITED STATES of America,
Appellee,**

v.

**Ralph REDWOOD, Appellant.**

**No. 73-1708.**

United States Court of Appeals,
Third Circuit.

Argued Jan. 8, 1974.

Decided Feb. 5, 1974.

Robert E. J. Curran, U. S. Atty., Gilbert J. Scutti, Asst. U. S. Atty., for appellee.

Edward H. Weis, Mark D. Schaffer, Vincent J. Ziccardi, Philadelphia, Pa., for appellant.

Before ADAMS, HUNTER and WEIS, Circuit Judges.

OPINION OF THE COURT

PER CURIAM:

The sole issue on this appeal is whether the district court erred in refusing to instruct the jury that the "procuring agent" or "purchasing agent" theory was a valid defense to the criminal charge of unlawful distribution of heroin under 21 U.S.C. § 841(a).[1]

Appellant correctly observes that under prior law a person could not be convicted of "selling" narcotics if he were acting solely on behalf of the purchaser. United States v. Sawyer, 210 F.2d 169 (3d Cir. 1964). Under the present law, however, the conduct proscribed is "distribution"[2] rather than "sale" of a controlled substance. We believe that this change of language clearly precludes the use of the "procuring agent" or "purchasing agent" defense.[3] *Accord,* United States v. Johnson, 481 F.2d 645 (5th Cir. 1973); United States v. Hernandez, 480 F.2d 1044 (9th Cir. 1973); United States v. Workopich, 479 F.2d 1142 (5th Cir. 1973).

The order of the district court will be affirmed.

---

1. Appellant argues that he was acting solely on behalf of the purchaser and thus not within the proscription of 21 U.S.C. § 841(a).

2. *See* 21 U.S.C. § 841(a).

3. The act defines "distribute" to mean "to deliver . . . a controlled substance" and defines "deliver" as the "transfer of a controlled substance, *whether or not there exists an agency relationship.*" 21 U.S.C. § 802(8), (11) (emphasis added).