[No. 25252-6-I.   Division One.   July 8, 1991.]

THE STATE OF WASHINGTON, *Respondent,* v. ROCHELLE D. GRACE, *Appellant.*

*Dawn Monroe* of *Washington Appellate Defender Association,* for appellant.

*Norm Maleng, Prosecuting Attorney,* and *Cassandra Jochman, Deputy,* for respondent.

KENNEDY, J.—Appellant Rochelle D. Grace and her codefendant Yvette R. Bailey were each charged with one count of delivery of cocaine arising out of a "buy/bust" operation conducted by the Seattle Police Department. Appellant was found guilty by a jury. Judgment and sentence were entered on the jury verdict. Appellant brought this appeal

challenging the trial court's refusal to instruct the jury that appellant could not be found guilty of delivery of cocaine if she was acting only as an accomplice of the purchaser of the controlled substance. We affirm.

## I

During the trial, the two police officers who had acted as the drug buyers in the operation, and appellant, each testified to slightly different versions of the events of the night in question. As the issue presented on appeal is limited to whether the instructions correctly conveyed the law to the jury as to appellant's theory of the case, and as her theory is that the evidence showed that she acted only as an agent for the police officers as buyers, the discussion of the facts will be limited to the relevant testimony of these three witnesses.

Officers Senteney and Jandoc both testified that on July 7, 1989, they were working on a narcotics detail in a high crime area of Seattle. The object of the operation was to make a buy of narcotics. First contact was made with appellant Grace when the officers pulled their unmarked car near the sidewalk where Grace was walking with a companion and asked if Grace or her companion knew where they could obtain $20 worth of narcotics. Grace got into the backseat of the officers' vehicle and said that she knew where they could buy $20 worth of cocaine. The officers followed Grace's direction to 20th Avenue South and South Jackson where they saw two females walking along the street. Grace told the officers to stop at that point. Grace testified that one of the women, later identified as the codefendant in this case, Yvette Bailey, approached the vehicle. Grace told Bailey that the man wanted "a twenty". Grace stated she then got out of the car. Grace asserts that the exchange of money and drugs occurred directly between the male officer and Bailey. According to the officers, however, Grace got out of the car and made contact with Bailey. Both officers testified that they saw Grace hand Bailey the $20 which the officers had given her, and that

they saw Bailey remove something from her blouse and hand it to Grace. The officers assert that Grace returned to the vehicle and that she handed several crumbs of a rock–like substance to them. The substance was identified at trial as cocaine.

Following the close of testimony in the case, counsel for Grace offered a proposed instruction that: "One who merely aids a purchaser in effecting a purchase of dangerous drugs is not, on that account, criminally responsible." After consideration the court proposed a modified form of the instruction which stated that:

> The Defendant Rochelle Grace is not guilty of the crime charged if she was acting only as an accomplice in the purchase of a controlled substance; however, if she was acting as an accomplice to both the purchaser and the seller of controlled substances, then she is an accomplice in the crime charged.

The trial court relied on *State v. Walker,* 82 Wn.2d 851, 514 P.2d 919 (1973) as authority for this proposed instruction. Counsel for the State objected to the proposed instruction on the basis that the Uniform Controlled Substances Act, RCW 69.50, had been adopted since *Walker* and that the action now proscribed was "delivery" rather than "sale", citing *State v. Matson,* 22 Wn. App. 114, 587 P.2d 540 (1978) and *State v. Sherman,* 15 Wn. App. 168, 547 P.2d 1234 (1976). The trial court found that while only the seller could be liable for the act of a sale, both the seller and purchaser could be liable for the act of a delivery and declined to give the requested instruction.

## II

Grace relies on the "procuring agent defense" to contend that the trial court was required to instruct the jury that it could not find her guilty if it found she had acted solely as an agent for the police officers in their purchase of the cocaine from Bailey. That defense provides that "one who merely aids a purchaser in effecting a purchase of dangerous drugs is not on that account criminally responsible under [the Uniform Narcotic Drug Act]." *State v. Catterall,* 5 Wn. App. 373, 376, 486 P.2d 1167 (1971).

■ In *State v. Matson,* 22 Wn. App. at 118, however, this court specifically stated that the procuring agent defense is no longer a defense under Washington law because the Uniform Narcotic Drug Act has been repealed and replaced with the Uniform Controlled Substances Act, RCW 69.50, effective May 21, 1971.[1] The court reasoned that in *State v. Catterall, supra,* and in *State v. Walker, supra,* the procuring agent defense was based upon the fact that, under the old narcotics act, the act of selling was specifically prohibited while the act of purchasing was not mentioned. *Matson,* 22 Wn. App. at 117. Therefore, an agent of the buyer could not be prosecuted under the old act. *Matson,* 22 Wn. App. at 117–18.

The Uniform Controlled Substances Act, however, prohibits "any person to manufacture, deliver, or possess with intent to manufacture or deliver, a controlled substance." RCW 69.50.401. Deliver is defined in RCW 69.50.101(f): "'Deliver' or 'delivery' means the actual, constructive, or attempted transfer from one person to another of a controlled substance, whether or not there is an agency relationship." The court in *Matson* therefore concluded that:

> [T]he new statute makes no distinction between the selling and the purchasing of drugs and eliminates the distinction between whether a buyer or seller acts as a principal or agent so long as an illegal transfer of a controlled substance occurs.

22 Wn. App. at 118.[2]

This court in *Matson* thus specifically rejected the proposition now proposed by Grace; that is that *Catterall* and *Walker,* remain viable statements of the law following the adoption of the Uniform Controlled Substances Act. In her

---

[1] *See also State v. Sherman,* 15 Wn. App. 168, 169, 547 P.2d 1234 (1976) (holding that "the purchaser–agent exemption is not applicable under the provisions of RCW 69.50.401(a) [the Uniform Controlled Substances Act]").

[2] The noun form of "transfer" is defined in *Webster's Third New International Dictionary* 2427 (1986) as: "[T]he removal or acquisition of property by mere delivery with intent of the parties involved to transfer the title". Thus, a transfer includes delivery as well as receipt for purposes of the Uniform Controlled Substances Act.

brief on appeal Grace argues that *Matson* and *Sherman,* were wrongly decided and that this court should look to other states which have adopted the Uniform Controlled Substances Act for guidance. Grace states that in so doing this court will recognize that there remains an intent to differentiate between the buyer, or distributee, and the seller, or distributor, within the act and that this distinction supports the continuing viability of the procuring agent defense.

The suggestion of looking to the interpretation of other jurisdictions as to the Uniform Controlled Substances Act is well taken. Contrary to Grace's contention, however, our research reveals an almost total rejection of her claim that the procuring agent defense has survived the adoption of this statutory scheme.[3]

Grace has brought to this court's attention only one case in which the procuring agent defense has been held to remain viable in a jurisdiction which has adopted the Uniform Controlled Substances Act. In *State v. Lott,* 255 N.W.2d 105 (Iowa 1977), the court recognized a distinction between one who delivers and one who accepts delivery. The court then found that *United States v. Moses,* 220 F.2d 166 (3d Cir. 1955) supported a finding that one who aids the one accepting delivery cannot be guilty of the crime of delivery.[4] Iowa's position on this point appears to be an anomaly, and its reliance on *Moses* as viable law in the Third Circuit is misplaced.

---

[3] *State v. Hecht,* 116 Wis. 2d 605, 342 N.W.2d 721, 725–28 (1984). *Accord, People v. Dinkel,* 189 Colo. 404, 541 P.2d 898 (1975); *State v. Kelsey,* 58 Hawaii 234, 566 P.2d 1370 (1977); *State v. Sharp,* 104 Idaho 691, 662 P.2d 1135 (1983); *Tipton v. State,* 528 P.2d 1115 (Okla. Crim. App. 1974); *Hindman v. State,* 647 P.2d 456 (Okla. Crim. App. 1982); *Wood v. Commonwealth,* 214 Va. 97, 197 S.E.2d 200 (1973).

[4] In *Moses,* the appellant introduced federal agents to a seller of drugs. Appellant was not involved with what occurred past the introduction. Although a sale of drugs eventually transpired, the Third Circuit held that appellant's conduct was insufficient to convict her of the crime of selling. *Moses,* however, was decided prior to the 1970 enactment of the federal "Controlled Substances Act".

Grace has also cited *People v. Miano,* 143 A.D.2d 777, 533 N.Y.S.2d 309 (1988) in support of her argument that the procuring agent defense is still viable. This citation is inapposite because, under the statutory scheme of New York, the proscribed act remains the "sale" of controlled substances, so that the reasoning behind the procuring agent defense does remain viable in that jurisdiction. *See People v. Sierra,* 45 N.Y.2d 56, 379 N.E.2d 196, 407 N.Y.S.2d 669 (1978).

■ *Matson* and *Sherman* are clearly in accord with the majority view as to the effect of the adoption of the Uniform Controlled Substances Act on the continued viability of the procuring agent defense. In *State v. Rice,* 110 Wn.2d 577, 603, 757 P.2d 889 (1988), *cert. denied,* 491 U.S. 910 (1989), the Supreme Court stated:

> Jury instructions are sufficient if they permit each party to argue his theory of the case, are not misleading, and when read as a whole, properly inform the trier of fact of the applicable law.

As was correctly established in *Matson* and in *Sherman,* under the Uniform Controlled Substances Act the procuring agent defense is no longer an available defense in the state of Washington. Accordingly the trial court committed no error in refusing to instruct the jury in accordance with that theory.

We affirm.

GROSSE, C.J., and SCHOLFIELD, J., concur.