STATE of Iowa, Appellee,

v.

Theodore ALLEN, Jr., Appellant.

No. 00–0041.

Supreme Court of Iowa.

Sept. 6, 2001.

As Amended on Denial of Rehearing Oct. 3, 2001.

Linda Del Gallo, State Appellate Defender, and Tricia A. Johnston, Assistant State Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, Kevin Cmelik, Assistant Attorney General, John P. Sarcone, County Attorney, and Stephanie Cox, Assistant County Attorney, for appellee.

NEUMAN, Justice.

Defendant, Theodore Allen, appeals his conviction for aiding and abetting the delivery of a controlled substance, cocaine. *See* Iowa Code § 124.401(1)(c)(3) (1997). His claim for reversal rests on application of the "procuring agent defense," a theory recognized in *State v. Lott*, 255 N.W.2d 105 (Iowa 1977), but neither applied in that case nor in subsequent Iowa cases in which it has been raised. We conclude the widely discredited doctrine no longer retains vitality here or elsewhere. We therefore reject Allen's attempt to rely on it and affirm his conviction.

## I. Background Facts and Proceedings.

Three Des Moines undercover narcotics officers approached Allen on a street corner and inquired about purchasing a "twenty"—a $20 rock of crack cocaine. Allen entered the officers' vehicle and directed them to an area known as Homes of Oakridge. There Allen and two of the officers exited the vehicle to pursue their search for drugs on foot.

Allen stopped two individuals. The officers hung back and heard only the word "no" from one of the unidentified males. The trio then came upon a man later identified as Ray Wilson. Standing apart from the officers, Allen spoke to Wilson and nodded in the officers' direction. Wilson then approached the officers and asked them what they needed. The officers responded that they wanted a "twenty." Wilson placed some "crumbs" in one officer's hand but the officer complained the transaction seemed "light." Wilson gave the officer another rock, whereupon the officers arrested both Allen and Wilson.

The State charged Allen with conspiracy to deliver a controlled substance and aiding and abetting the delivery of a controlled substance, crimes violating Iowa Code section 124.401(1)(c)(3). The case was tried to the court.[1] Allen moved for judgment of acquittal on the ground his conduct was insufficient, as a matter of law, to support a conviction for drug delivery as either a principal or on a theory of aiding and abetting. He claimed entitlement to application of the procuring agent defense, theorizing he was acting at the behest of the buyers, not the seller, and thus could not be convicted of a delivery offense.

The district court rejected Allen's argument, finding he

---

1. The court's written ruling indicated that Allen waived jury trial. It appears no other record was made on the matter as required by Iowa Rule of Criminal Procedure 16(1). On appeal Allen claims the waiver was not voluntarily or intelligently made, an error he ascribes to the ineffectiveness of trial counsel. Because the record is inadequate to address his ineffectiveness claim on direct appeal, we preserve Allen's right to raise it in an action for postconviction relief.

actively participated in the crime by his assuring the officers he could get them the drugs they requested, by going with them to the area where he knew the drugs could be obtained, and by pointing out the officers to the person who had the drugs to sell. These facts indicate an active role in the delivery of cocaine to the officers.

Allen appealed and we transferred the case to the court of appeals. Although Allen renewed his procuring agent defense as a ground for reversal, the court of appeals declined to apply it. Instead it affirmed the judgment of the district court, finding substantial proof that Allen directed the officers to where they could purchase drugs, located the person who sold them cocaine, and stood by while Wilson and the officers negotiated the sale. "By this conduct," the court held, "Allen assented or lent countenance or approval to the illegal delivery of drugs." We granted further review to settle the lingering question over the viability of the procuring agent defense.

## II. Issue on Appeal/Scope of Review.

The question on appeal is whether the procuring agent defense, recognized in *State v. Lott*, 255 N.W.2d at 107, is still valid and, if so, whether the district court should have applied it to the facts before it, thereby sustaining Allen's motion for judgment of acquittal.

■ Our review is for the correction of errors at law. A defendant is entitled to submit a theory of defense if the theory correctly states the law and is supported by substantial evidence. *State v. Ross*, 573 N.W.2d 906, 913 (Iowa 1998). The legal validity of a proposed defense is, in the first instance, a question of law for the court.

## III. Applicable Legal Principles.

The crime with which Allen was charged, Iowa Code section 124.401(1), makes it unlawful for any person to

manufacture, deliver, or possess with the intent to manufacture or deliver, a controlled substance, a counterfeit substance, or a simulated controlled substance, or to act with, enter into a common scheme or design with, or conspire with one or more other persons to manufacture, deliver, or possess with the intent to manufacture or deliver a controlled substance, a counterfeit substance, or a simulated controlled substance.

Delivery is defined as the "actual, constructive, or attempted transfer from one person to another of a controlled substance, whether or not there is an agency relationship." Iowa Code § 124.101(7).

■ One who aids and abets the drug activities just described may be found guilty as a principal. *See* Iowa Code § 703.1. A person is guilty of aiding and abetting if he or she

knowingly approve[s] and agree[s] to the commission of a crime, either by active participation in it or by knowingly advising or encouraging the act in some way before or when it is committed. . . . Mere nearness to, or presence at, the scene of the crime, without more evidence, is not "aiding and abetting". Likewise, mere knowledge of the crime is not enough to prove "aiding and abetting".

I Iowa Crim. Jury Instructions 200.8 (1988). To secure a conviction based on aiding and abetting, the State must introduce substantial proof to show that the accused "assented to or lent countenance and approval to" the criminal act. *Lott*, 255 N.W.2d at 107. Knowledge of the crime is essential, "but neither knowledge nor presence at the scene of the crime is

sufficient to prove aiding and abetting." *Id.*

**A.  Procuring agent defense.**  In *Lott* this court considered the principle of aiding and abetting in the context of a defendant who claimed to be an agent only of a person *buying* cocaine, not *selling* it. *Id.* at 106–07.  Rejecting the State's claim that a person participating on either side of a drug sale is guilty of delivery, we drew on federal authority to recognize the "procuring agent defense," reasoning as follows:

> An aider and abettor is culpable ... for the crime of his principal.  The principal whose crime is defined in § 204.401(1) is a person who participates in the delivery of a controlled substance. A customer is not guilty of delivery under that provision.  "Delivery" means "the actual, constructive, or attempted transfer from one person to another of a controlled substance." § 204.101(8), The Code. By definition the recipient is not the deliverer.  Nor does [the aider and abettor statute] make him one.  A person is not guilty as a principal under that provision unless he is an accessory before the fact.  Acceptance of delivery does not occur "before the fact."  Moreover, because the deliverer is not the transferee, one who aids only the transferee cannot be guilty of delivery.  This principle is recognized in *United States v. Moses,* 220 F.2d 166 (3rd Cir.1955), under an analogous federal statute.  We reject the State's contention that a transferee or one who aids only the transferee is guilty of delivery.

*Id.* at 107.  Despite our view on the merits of the defense, we nevertheless affirmed Lott's conviction, finding the record furnished substantial proof that he was no mere agent for the buyers. *Id.* at 108.  The record revealed that Lott had arranged the transaction, supplied the drugs, vouched for their quality and agreed to arrange future sales. *Id.*

Subsequent Iowa cases have proved the defense to be equally unavailing based on the factual records.  In *State v. Zaruba,* 306 N.W.2d 772, 774 (Iowa 1981), this court affirmed that the defense was not available to a defendant who actually delivered the controlled substance.  Likewise, in *State v. Brown,* 466 N.W.2d 702, 703–04 (Iowa Ct.App.1990), the court of appeals recognized the defense but rejected its application where the defendant initiated the drug transaction and actively promoted the supplier's interests.

Other state and federal jurisdictions, meanwhile, have long since abandoned the rationale of *Moses* and the procuring agent defense. *Moses* was decided in 1955.  The Uniform Controlled Substances Act of 1970, enacted by Iowa as well as forty-eight other states, substantially broadened criminal liability for participation in drug transactions by eliminating any distinction between buyers and sellers. *See* Unif. Controlled Substances Act § 101(f) (amended 1994); Iowa Code § 124.101(7). The law's emphasis on *delivery* arguably shifted the focus of the offense from conduct by individual buyers and sellers to conduct of participants in the transaction as a whole.  Scott W. Parker, Note, *An Argument for Preserving the Agency Defense as Applied to Prosecutions for Unlawful Sale, Delivery, and Possession of Drugs,* 66 Fordham L.Rev. 2649, 2662 (1998).

In *United States v. Pruitt,* 487 F.2d 1241, 1245 (8th Cir.1973), the Eighth Circuit Court of Appeals recognized that the concept of selling underlying *Moses* had been discarded in favor of a statutory scheme creating "an offense of participation in the transaction viewed as a whole."  Other federal circuit courts have uniformly rejected the procuring agent de-

fense in federal drug crime prosecutions under 21 U.S.C. § 841(a)(1). *See United States v. Snow,* 537 F.2d 1166, 1169 (4th Cir.1976); *United States v. Marquez,* 511 F.2d 62, 64 (10th Cir.1975); *United States v. Pierce,* 498 F.2d 712, 713 (D.C.Cir.1974); *United States v. Redwood,* 492 F.2d 216, 216 (3d Cir.1974); *United States v. Masullo,* 489 F.2d 217, 221 (2d Cir.1973); *United States v. Johnson,* 481 F.2d 645, 646–47 (5th Cir.1973); *United States v. Hernandez,* 480 F.2d 1044, 1046–47 (9th Cir.1973).

State courts that have addressed the validity of the procuring agent defense in light of enactment of statutes similar to the Uniform Controlled Substances Act have likewise been uniform in rejecting the defense. *See McKissick v. State,* 522 So.2d 3, 4 (Ala.Crim.App.1987) (defense does not apply when defendant charged with furnishing drugs rather than merely selling drugs); *State v. Burden,* 948 P.2d 991, 993–94 (Alaska Ct.App.1997) (statute prohibits delivery of controlled substance); *Webber v. State,* 15 Ark.App. 261, 692 S.W.2d 255, 257 (1985) (statute prohibits delivery of controlled substance); *People v. Dinkel,* 189 Colo. 404, 541 P.2d 898, 900 (1975) (statute prohibits unlawful dispensing, which includes sale and delivery); *Minor v. United States,* 623 A.2d 1182, 1186–87 (D.C.1993) (statute prohibits distribution, defined as transfer); *State v. Sharp,* 104 Idaho 691, 662 P.2d 1135, 1138–39 (1983), *overruled on other grounds by State v. Alanis,* 109 Idaho 884, 712 P.2d 585 (1985); *People v. Porta,* 191 Mich.App. 503, 479 N.W.2d 707, 711 (1992); *People v. Williams,* 54 Mich.App. 448, 221 N.W.2d 204, 205–06 (1974) (statute prohibits delivery of controlled substance); *Tipton v. State,* 528 P.2d 1115, 1116 (Okla.Crim.App. 1974) (statute prohibits distribution of controlled substance, defined as delivery); *State v. Grace,* 61 Wash.App. 787, 812 P.2d 865, 867–68 (1991) (statute prohibits delivery of controlled substance); *State v.*

*Hecht,* 116 Wis.2d 605, 342 N.W.2d 721, 727–28 (1984) (statute prohibits delivery of controlled substance not merely sale of controlled substance).

Only New York's highest court appears to recognize the continued viability of the procuring agent defense. *See People v. Roche,* 45 N.Y.2d 78, 407 N.Y.S.2d 682, 379 N.E.2d 208, 211 (1978). The court of appeals' view is premised, however, on a drug statute which retains the distinction between buyers and sellers and an expressed philosophy that the defense "may be seen as a common-law attempt, in appropriate cases, to recognize the existence of medical and sociological aspects which complicate the factual setting within which the nature of a particular defendant's participation is to be determined." *Id.*

■ Turning to our own statute, we note that section 124.401(1) makes it a felony, not to buy or sell drugs, but to "manufacture, deliver, or possess with the intent to manufacture or deliver" controlled substances. Plainly the legislature's focus is on manufacture and *delivery*—defined as the transfer of drugs from one person to another irrespective of an agency relationship. Iowa Code § 124.101(7). We agree with the State's claim that, under this statutory scheme, the procuring agent defense simply has no place. An agent who facilitates a drug transaction, whether at the behest of a buyer or a seller, may be found guilty of aiding and abetting the transfer of drugs. We therefore reject the purely semantic analysis applied in *Lott,* and now overrule its holding that one who aids only the transferee of drugs cannot be found guilty of delivery.

■ *B. Aiding and abetting.* The question remains whether substantial evidence supports the court's factual finding that Allen aided and abetted the transfer

of cocaine. Based on the record before us, we entertain no doubts about the court's conclusion. Allen's conduct not only lent countenance and approval to the delivery of a controlled substance, he made the transaction possible. He may not have handled the drugs, or urged a sale upon either the undercover officers or the seller, but he plainly facilitated the transfer and stood by while the transaction took place. Under this record, Allen was not entitled to judgment of acquittal. We therefore affirm the judgment of conviction entered by the district court.

**DECISION OF COURT OF APPEALS AND JUDGMENT OF DISTRICT COURT AFFIRMED.**

All justices concur except SNELL, Senior Judge,* who dissents.

STREIT, J., takes no part.

SNELL, Senior Judge * (dissenting).

I respectfully dissent.

I believe our court, in *State v. Lott*, 255 N.W.2d 105, 107 (Iowa 1977), correctly interpreted our statute defining "delivery" of a controlled substance. The case should not be overruled. In 1977, when *Lott* was decided, "delivery" was defined by the legislature as "the actual, constructive, or attempted transfer from one person to another of a controlled substance." *See* Iowa Code § 204.101(8) (1977). The same wording is still used to define "delivery." *See id.* § 124.101(7) (1999).

In *Lott*, we said the principal whose crime is defined is a person who participates in the delivery of a controlled substance. A customer is not guilty of delivery because by definition the recipient is not the deliverer. "Moreover, because the deliverer is not the transferee, one who

aids only the transferee cannot be guilty of delivery." *Lott*, 255 N.W.2d at 107.

The legislature has not changed this statute since our interpretation of it in 1977. It is irrelevant that other state courts in viewing their statutory scheme have reached other interpretations. The meaning of Iowa's statutory definition of "delivery" is crystal clear, as shown by our holding in *Lott*.

I would reverse the conviction and remand for a new trial.

---

* Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2001).