**IN THE COURT OF APPEALS OF IOWA**

No. 18-1717
Filed August 7, 2019

**IN THE INTEREST OF W.E.,**
**Minor Child,**

**W.E., Minor Child,**
      Appellant.
_____

      Appeal from the Iowa District Court for Scott County, Christine Dalton Ploof, District Associate Judge.


      A juvenile challenges the sufficiency of the evidence supporting her adjudication as a delinquent child. **REVERSED AND REMANDED.**


      Steven W. Stickle of Stickle Law Firm, P.L.C., Davenport, for appellant.

      Thomas J. Miller, Attorney General, and Mary A. Triick, Assistant Attorney General, for appellee State.


      Considered by Tabor, P.J., and Mullins and May, JJ.

**MAY, Judge.**

The juvenile court adjudicated W.E. as a delinquent. The court concluded W.E. committed acts constituting theft in the second degree and carrying weapons. On appeal, W.E. challenges the sufficiency of the evidence supporting her adjudication. We reverse.

## I. Background Facts

On March 11, 2018, someone stole a 2008 Suzuki from a gas station. In the late night hours of March 14, police received reports of shots fired involving a vehicle similar to the stolen Suzuki. An officer spotted the Suzuki and gave chase. The Suzuki skidded and hit a building. The pursuing officer used her squad car to pin the Suzuki.

When the Suzuki came to a halt, there were six people inside. The driver and front passenger quickly exited the car and fled.

Four people had been in the backseat. Police detained three of them, including W.E., as they piled out of the car. A fourth person remained in the backseat and feigned unconsciousness. Police took all four into custody.

Police located two loaded handguns on the backseat floor. Both were on the passenger side. One was in plain view. The other was under trash and clothing.

The juvenile court held a delinquency adjudication hearing. The State submitted body-camera and dash-camera footage. Responding officers testified. The court concluded W.E. committed the offenses of theft in the second degree in violation of Iowa Code sections 714.1 and 714.2(2) (2018) and carrying weapons

in violation of Iowa Code section 724.4(1). The court adjudicated W.E. as a delinquent child. W.E. appeals.

## II. Standard of review

"Delinquency proceedings are special proceedings that serve as an alternative to the criminal prosecution of a child. The objective of the proceedings is the best interests of the child." *In re A.K.*, 825 N.W.2d 46, 49 (Iowa 2013) (citations omitted).

Unlike in a criminal case, we do not view the evidence in the light "most favorable to the State" to determine whether "any reasonable fact finder could have found beyond a reasonable doubt that the [accused] committed the delinquent acts." *See id.* Instead, we review delinquency proceedings de novo. *Id.* at 50–52. "Although we give weight to the factual findings of the juvenile court, especially regarding the credibility of witnesses, we are not bound by them." *Id.* at 49.

W.E. is presumed innocent. *See id.* The State has the burden of proving beyond a reasonable doubt that W.E. committed the delinquent acts. *See id.*

We note the State did not file an appellate brief. Accordingly, we "will not go beyond the ruling of the trial court in searching for a theory upon which to affirm its decision." *Tullis v. Weeks*, No. 06-1744, 2007 WL 2964184, at *1 (Iowa Ct. App. Oct. 12, 2007).

## III. Analysis

We begin with the second-degree theft charge. *See* Iowa Code §§ 714.1, 714.2(2). Under Iowa Code section 714.1(1), a person commits theft by taking "possession or control of the property of another, or property in possession of another, with the intent to deprive the other thereof."

The juvenile court concluded W.E. committed second-degree theft by aiding and abetting. A finding of "aiding and abetting" requires "substantial evidence the accused assented to or lent countenance and approval to the criminal act either by active participation or by some manner encouraging it prior to or at the time of its commission." *State v. Tangie*, 616 N.W.2d 564, 574 (Iowa 2000). "Knowledge of the crime is essential, 'but neither knowledge nor presence at the scene of the crime is sufficient to prove aiding and abetting.'" *State v. Allen*, 633 N.W.2d 752, 754–55 (Iowa 2001) (quoting *State v. Lott*, 255 N.W.2d 105, 107 (Iowa 1977)).

Here, we find there is insufficient evidence W.E. aided and abetted second-degree theft. The record only establishes W.E. was a passenger in the Suzuki during the police chase. We have found no evidence W.E. even knew the Suzuki was stolen, much less that she helped steal it.

We have carefully considered the various circumstances relied on by the juvenile court. We certainly understand the court's concern with some of those circumstances, especially (1) the presence of handguns in the vehicle, (2) W.E.'s prompt departure from the vehicle, which may have been a quickly-aborted effort to flee police (for one reason or another), and (3) the potential connection between the Suzuki and a shots-fired call on the night of the police chase. Even so, we are unable to conclude beyond a reasonable doubt that W.E. "active[ly] participat[ed in] or by some manner encourage[ed]" the theft of the Suzuki three days earlier, on March 11. *Tangie*, 616 N.W.2d at 574. Therefore, we cannot conclude she committed theft by aiding and abetting.

We turn next to the weapons charge. The juvenile court concluded W.E. violated Iowa Code section 724.4(1) because she knowingly transported a

handgun in a motor vehicle.  In *State v. Thompson*, we held a defendant "cannot be convicted of . . . transporting a weapon without foundational proof [the defendant] actually or constructively possessed the gun."  No. 12-2314, 2013 WL 6686624, at *3 (Iowa Ct. App. Dec. 18, 2013).  "Actual possession means direct physical control; constructive possession means knowledge of an item's presence and the authority or right to maintain control of the item."  *Id.*

In this case, the State provided no evidence of actual possession.  Nor did the State provide sufficient evidence W.E. had constructive possession of either handgun.  Constructive possession cannot be established by "mere proximity." *State v. Cashen*, 666 N.W.2d 566, 572 (Iowa 2003).  Rather, because the guns were found in a vehicle occupied by multiple people, we consider the following factors: "(1) Was the contraband in plain view? (2) Was it among [W.E.]'s personal effects? (3) Was it near [W.E.]? (4) Did [W.E.] own the vehicle? and (5) Did [W.E.] engage in suspicious activity?"  *Thompson*, 2013 WL 6686624, at *4.

Here, we agree W.E. engaged in "suspicious activity" when she exited the vehicle over an officer's instruction to not move.  But there is no evidence the handguns were among W.E.'s personal effects.  Nor did she own the vehicle.  And while one of the handguns was found in plain view on the backseat floorboard, the record does not show where the guns were in relation W.E.—as opposed to the other three people in the backseat.

All told, we see no substantial link between W.E. and either handgun.  The evidence does not establish beyond a reasonable doubt that W.E. knew of either handgun's presence *and* had "the authority or right to maintain control of" either handgun.  *Thompson*, 2013 WL 6686624, at *3.  Therefore, we cannot conclude

W.E. constructively possessed either handgun. Consequently, we cannot find W.E. knowingly transported a handgun in violation of Iowa Code section 724.4(1). We reverse and remand for dismissal of the delinquency petition.

**REVERSED AND REMANDED.**