# IN THE COURT OF APPEALS OF IOWA

No. 18-1436
Filed November 6, 2019

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**DANIEL JOSEPH BUENNEKE,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Black Hawk County, Bradley J. Harris, Judge.

Daniel Buenneke challenges the factual basis for two pleas entered as part of an agreement involving multiple charges. **ROBBERY AND THEFT CONVICTIONS AND SENTENCES VACATED AND REMANDED FOR FURTHER PROCEEDINGS.**

Mark C. Smith, State Appellate Defender, (until withdrawal) and Theresa R. Wilson, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Martha E. Trout, Assistant Attorney General, for appellee.

Considered by Bower, C.J., and Vaitheswaran and and Doyle, JJ.

**DOYLE, Judge.**

Daniel Buenneke entered *Alford* pleas[1] to second-degree robbery and first-degree theft as part of a plea agreement involving multiple charges.[2]  In his first appeal, this court found that the record failed to establish Buenneke's "active participation in or encouragement" of the crimes and remanded the case to allow the State to establish a factual basis.  *State v. Buenneke*, No. 17-1056, 2018 WL 1433748, at *3 (Iowa Ct. App. Mar. 21, 2018).  On remand, the district court considered additional minutes of evidence, including surveillance video, and found a factual basis for Buenneke's pleas:

> [Buenneke] entered the store prior to his codefendant, [Marlon] Harris, looked around with no legitimate purpose, and then left the store holding the door for Harris and another customer. [Buenneke] returned to the store a short time later and remained in the store for nearly 9 minutes without attempting to purchase any items.  During this time, [Buenneke] intervened in an altercation between Harris and another customer and continually looked out the windows of the store.  As Harris was leaving, [Buenneke] positioned himself between Harris and a customer in the store to allow Harris to leave without physical confrontation.
> These acts of [Buenneke] establish a factual basis that [he] aided and abetted Harris who committed a robbery and a theft from the person.

In this appeal, Buenneke again challenges the factual basis for his pleas to second-degree robbery and first-degree theft, alleging his counsel was ineffective by allowing him to plead guilty.  We review his claim de novo.  *See State v. Maxwell*, 743 N.W.2d 185, 195 (Iowa 2008).

---

[1] An *Alford* plea is a variation of a guilty plea; a defendant, while maintaining innocence, acknowledges that the State has enough evidence to win a conviction, and consents to the imposition of a sentence.  *See North Carolina v. Alford*, 400 U.S. 25, 37 (1970).

[2] Buenneke's does not challenge his *Alford* pleas to the two remaining charges that were part of the agreement.

To succeed on his claim of ineffective assistance of counsel, Buenneke must prove by a preponderance of the evidence: (1) breach of an essential duty and (2) prejudice. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). Counsel breaches an essential duty by permitting a defendant to plead guilty and waive the right to move in arrest of judgment when no factual basis supports the plea. *See Rhoades v. State*, 848 N.W.2d 22, 29 (Iowa 2014). In such cases, we presume prejudice. *Id.* We look at the entire record before the district court at the time of the plea to determine whether a factual basis for the plea exists. *See State v. Finney*, 834 N.W.2d 46, 62 (Iowa 2013). That includes inquiry of the defendant, inquiry of the prosecutor, examination of the presentence investigation report, and minutes of the evidence. *See State v. Ortiz*, 789 N.W.2d 761, 768 (Iowa 2010). To determine a factual basis exists, the evidence need not show the defendant is guilty beyond a reasonable doubt, only that there is sufficient evidence by which a jury could find the defendant guilty. *See Finney*, 834 N.W.2d at 50.

The parties and district court contemplated that Buenneke could have committed the offenses of second-degree robbery and first-degree theft as either a principal or as an aider and abettor. *See* Iowa Code § 703.1 (2017) (stating punishment for a person who aids or abets in the commission of a public offense is the same as that of a principal).

> To sustain a conviction on the theory of aiding and abetting, the record must contain substantial evidence the accused assented to or lent countenance and approval to the criminal act either by active participation or by some manner encouraging it prior to or at the time of its commission. The State must prove the accused knew of the crime at the time of or before its commission. However, such proof need not be established by direct proof, it may be either direct or circumstantial.

*State v. Henderson*, 908 N.W.2d 868, 876 (Iowa 2018) (citation omitted).

Buenneke first challenges the factual basis for his plea to robbery in the second degree.

> A person commits a robbery when, having the intent to commit a theft, the person does any of the following acts to assist or further the commission of the intended theft or the person's escape from the scene thereof with or without the stolen property:
> a. Commits an assault upon another.
> b. Threatens another with or purposely puts another in fear of immediate serious injury.
> c. Threatens to commit immediately any forcible felony.

Iowa Code § 711.1(1). "It is immaterial to the question of guilt or innocence of robbery that property was not actually stolen." *Id.* § 711.1(2). First-degree robbery occurs "when, while perpetrating a robbery, the person purposely inflicts or attempts to inflict serious injury, or is armed with a dangerous weapon. *Id.* § 711.2. "All robbery which is not robbery in the first degree is robbery in the second degree." *Id.* § 711.3.

Buenneke also challenges the factual basis for his plea to the theft charge. Iowa Code section 714.1(1) states that theft occurs when person "takes possession or control of the property of another, or property in the possession of another, with the intent to deprive the other thereof." Theft of property from the person of another is theft in the first degree. *Id.* § 714.2.

The record fails to show a factual basis for Buenneke's pleas to either charge. Buenneke knew Harris before entering into the store, but knowledge alone is not enough to prove he aided and abetted in the robbery and the theft. *See State v. Jefferson*, 547 N.W.2d 268, 277 (Iowa 1997) (finding sufficient evidence of aiding and abetting a robbery based in part on the fact that codefendants "left

the scene together"). Although the surveillance video shows Buenneke and Harris entering the liquor store within seconds of each other, walking into the store within seconds of another person is not enough to determine knowledge that the other person will commit a crime. *See State v. Allen*, 633 N.W.2d 752, 754 (Iowa 2001) ("Mere nearness to, or presence at, the scene of the crime, without more evidence, is not 'aiding and abetting.'" (citation omitted)).

The surveillance video shows Buenneke entering into the liquor store with a man later identified as Harris. Although the video shows Harris demanding money from the clerk and taking packs of cigarettes, nothing in the video suggests that Buenneke was aware of the impending robbery. Rather, a reasonable person could conclude he was trying to prevent the robbery from happening. A review of the additional minutes and video does not change our previous assessment of the evidence. *See Buenneke*, 2018 WL 1433748, at *3.

Buenneke spends much of his time in the convenience store wandering around and talking to other patrons in the store. During the robbery, Buenneke told Harris, "[S]top, we are not on this tonight." Buenneke encouraged Harris to back off. The only indication Buenneke engaged in threatening behavior is another customer's statement that Buenneke stepped between the counter and the customer and ignored the customer's request to "back the hell up." Neither the police nor the customer correlated this action with aiding or abetting Harris's assaultive behaviors, intended theft, or effort to escape.

The totality of the evidence shows Buenneke's presence at the scene and his knowledge of the crimes as they were unfolding. But there is scant evidence to show Buenneke actively participated in or encouraged the crimes. Because the

record fails to provide a factual basis for Buenneke's pleas to charges in counts I and II of the amended trial information, we remand the matter to the district court. *See State v. Gines*, 844 N.W.2d 437, 441-42 (Iowa 2014); *State v. Monson*, No. 18-0842, 2019 WL 320213, at \*2 (Iowa Ct. App. Jan. 23, 2019) (observing the variation in procedural dispositions in cases finding an inadequate factual basis on one or more charges to which a defendant has pleaded guilty as part of a multiple charge plea agreement). Buenneke's tendering of his pleas to the robbery and theft charges stand. *See Monson*, 2019 WL 320213, at \*2*.* We vacate the district court's judgment of conviction and sentence on both the robbery charge and the theft charge. *See id.* We remand to allow the State an opportunity to establish a factual basis for the guilty plea. *See id.* If the State establishes a factual basis on remand, the district court may enter judgment on the robbery and theft convictions, sentence Buenneke on those convictions, and leave the prior sentences on the remaining charges intact. *See id.* at \*3. But if the court decides to revisit the entire sentencing scheme given the additional record made to establish a factual basis for the robbery and theft charges, it may resentence the defendant on all the convictions entered as part of the plea agreement. *See id.* If the State fails to establish a factual basis, the court must vacate all of Buenneke's convictions and sentences to return the State to the position it had before the plea agreement, and the State may reinstate any dismissed charges or file additional charges and proceed again Buenneke. *See id.*

**ROBBERY AND THEFT CONVICTIONS AND SENTENCES VACATED AND REMANDED FOR FURTHER PROCEEDINGS.**