# IN THE COURT OF APPEALS OF IOWA

No. 19-0653
Filed August 19, 2020

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**QUENTIN JOHNSON,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Johnson County, Lars Anderson,
Judge.

        Quentin Johnson appeals his conviction of possession of marijuana with
intent to deliver. **REVERSED AND REMANDED.**

        Mark C. Meyer, Cedar Rapids, for appellant.

        Thomas J. Miller, Attorney General, and Linda J. Hines, Assistant Attorney
General, for appellee.

        Considered by Vaitheswaran, P.J., and Mullins and Ahlers, JJ.

**MULLINS, Judge.**

Quentin Johnson appeals his conviction of possession of marijuana with intent to deliver. Johnson argues the district court erred in refusing to allow presentation of his accommodation defense.

On August 26, 2017, Johnson was driving to a gathering and failed to stop at a newly-placed stop sign. Three police officers, the entire Street Crimes Action Team (SCAT) Unit, were monitoring the new stop sign and pulled Johnson over. The SCAT Unit searched Johnson and his vehicle. They found nearly fifty-five grams of marijuana in Johnson's underwear and more than $1300 in cash in his sock. The police analysis shows the marijuana was packaged in four bags, containing 26.1, 23.8, 2.3, and 3.2 grams each.[1] Johnson also had two cell phones and was driving a rental car. Johnson was charged in Count I with possession of marijuana with intent to deliver, in violation of Iowa Code section 124.401(1)(d) (2017). After a jury trial, he was convicted of that offense as charged.[2]

At trial, Johnson testified he was on his way to a viewing party for a sporting event when he was pulled over. He also described his work as a talent manager and promoter in the music and entertainment industries. Johnson said he is expected to socially provide for the talent he manages in terms of visiting clubs and social events and covering the related costs. Johnson's business covers local and national events, requiring some travel. Johnson said his business is largely

---

[1] One ounce equals approximately 28.35 grams.
[2] Johnson was charged with other criminal offenses related to the August 26, 2017 incident with the SCAT Unit. He was convicted of a drug stamp offense but does not challenge that conviction on appeal.

done in cash transactions. He testified he keeps the cash in his sock because, in his youth, it fell out of his pockets and was lost.

Johnson also testified he uses marijuana to treat chronic pain and other physical ailments. He admitted to being a heavy smoker and repeatedly denied selling marijuana. Johnson said he intended to use the marijuana personally and would share a little at the party if requested. He said the shared portion would be "just enough to smoke" and answered "yes" when asked if that portion would be less than one-half ounce.

At the close of the evidence, Johnson argued he should be allowed to present an accommodation defense, insisting the amount of marijuana that would be shared was less than one-half ounce and that it was not for sale. *See* Iowa Code § 124.410. The district court denied the request, stating there was no precedent indicating the marijuana could be split into personal use and sharable portions to qualify for an accommodation defense. Johnson appeals.

Johnson alleges his claimed defense, accommodation, was supported by sufficient facts and should have been presented to the jury. "Our review is for the correction of errors at law." *See State v. Allen*, 633 N.W.2d 752, 754 (Iowa 2001).

"A defendant is entitled to submit a theory of defense if the theory correctly states the law and is supported by substantial evidence." *Id.* Evidence is substantial if it "could convince a rational finder of fact that the defendant has established his affirmative defense." *State v. Bynum*, 937 N.W.2d 319, 327 (Iowa 2020) (quoting *State v. Guerrero Cordero*, 861 N.W.2d 253, 257 (Iowa 2015), *overruled on other grounds by Alcala v. Marriot Int'l, Inc.*, 880 N.W.2d 699, 708 & n.3 (Iowa 2016)). Here, Johnson wanted to argue before the jury that he intended

to share, but not sell, not more than one-half ounce of the marijuana he possessed and that the remainder of the marijuana in his possession was for his personal use. His testimony supported that claim.

The State argues two of our decisions support a conclusion the amounts in smaller baggies cannot be separated from the aggregate. *See State v. Steel*, No. 16-0978, 2017 WL 3065147, at *4 (Iowa Ct. App. July 19, 2017) (noting two separate amounts of marijuana amounted to "more than the one-half ounce referenced in the accommodation statute"); *Dodge v. State*, No. 01-1739, 2003 WL 118267, at *2 (Iowa Ct. App. Jan. 15, 2003) (finding counsel was not ineffective for failing to inform defendant about accommodation offense where defendant admitted to possessing more than "the ounce accommodation limit of section 124.410 [(1997)]"). However, both of those cases were challenges to guilty pleas in which there only needed to be a factual basis for the plea, not proof beyond a reasonable doubt.

We find no precedent interpreting section 124.410 (2017) as to whether a fact finder should be permitted to find a quantity of marijuana can be divided into portions for personal and shared use. *See* Iowa Code §§ 124.401(5), .410. Section 124.410 allows for an accommodation offense when a defendant "possessed with intent to deliver one-half ounce or less of marijuana which was not offered for sale,"[3] and it may be proved as an included offense under possession with intent to deliver, in violation of section 124.401(1)(d). Furthermore, possession of marijuana in violation of section 124.401(5) is clearly

---

[3] The phrase "which was not offered for sale" was added by the legislature in 1999. 1999 Iowa Acts ch. 67, § 1.

a lesser included offense of possession with intent to deliver. Verdict form number one allowed the jury to find Johnson possessed marijuana with intent to deliver marijuana, requiring them to find that he either possessed more than one-half an ounce or one-half an ounce or less; and if the latter, then whether he offered it for sale. The jury returned verdict form one, finding "[t]he amount of marijuana possessed by the [d]efendant was in an amount more than half an ounce."

The State argues on appeal Johnson was not prejudiced by being denied an opportunity to argue his theory in closing argument because, in his opening statement, defense counsel "told the jury he possessed the marijuana for personal use and that he might have given away half ounce or less at the fight party." And the State argues the defense theory "that he possessed the marijuana for personal use was, in effect, included in the instructions." In light of the State claiming he was not prejudiced because components of the issue were before the jury, it also claims Johnson was not prejudiced by the court's refusal to allow him to argue his exact theory to the jury before it began its deliberations.

Our supreme court has held the crime of arson can include two lesser offenses. *State v. Royer*, 436 N.W.2d 637, 641-42 (Iowa 1989). Unanswered is the question of whether a defendant can be guilty of two lesser offenses following a single charged offense. Lesser-included-offense determinations are normally judicial decisions based on the legal elements test. *See State v. Halliburton*, 539 N.W.2d 339, 344 (Iowa 1995); *see generally Blockburger v. United States*, 284 U.S. 299, 304 (1932). We find it interesting, however, that the legislature chose to statutorily declare that possession with intent to deliver one-half ounce or less of marijuana that was not offered for sale is an accommodation offense, which "may

be proved as an included offense under a charge of delivering or possessing with intent to deliver marijuana in violation of section 124.401, subsection 1." *See* Iowa Code § 124.410. And, if convicted of the accommodation offense, a defendant shall be sentenced "*as if convicted* of a violation of section 124.401, subsection 5." *Id.* (emphasis added). "When the legislature adopts a law, we presume it intended that the entire statute be effective." *Halliburton*, 539 N.W.2d at 344.

We further presume the legislature knew possession of marijuana in violation of section 124.401(5) is a lesser-included offense of possession with intent to deliver marijuana in violation of section 124.401(1). The legislature specifically and separately identified the offense of "possession with intent to deliver one-half ounce or less of marijuana which was not offered for sale" as a distinct offense but directed the same punishment as provided in section 124.401(5). And, the accommodation offense under section 124.410 would have, without legislative pronouncement, been possession under section 124.401(5) as a lesser included offense of possession with intent to deliver, under section 124.401(1). Presuming the legislature intended both sections 124.401(5) and 124.410 to be effective—not simply duplicative—a defendant could be guilty of both included offenses arising out of possession with intent to deliver marijuana.

The facts show Johnson possessed four bags of marijuana containing 26.1, 23.8, 2.3, and 3.2 grams each. One ounce equals approximately 28.35 grams, putting Johnson in possession of an aggregate weight of marijuana of nearly two ounces. The State aggregated the bags for its charging decision, and a reasonable jury could have found Johnson guilty of possession of marijuana with intent to deliver, as it did. But, the State's charging decision should not have

precluded Johnson from arguing lesser-included offenses under both sections 124.401(5) and 124.410 based on his asserted facts. The jury still would have been permitted to find Johnson guilty as charged.

Thus, we conclude Johnson should have been permitted to argue he possessed with intent to deliver one-half ounce or less of marijuana, which was not offered for sale, and that the rest of the marijuana was for personal use and not for delivery. It was for the jury to decide what the evidence proved.

We reverse and remand for a new trial on Count I.

**REVERSED AND REMANDED.**